**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

**IN RE: UBER TECHNOLOGIES, INC., WAGE AND HOUREMPLOYMENT PRACTICES LITIGATION (No. II)** MDL No. 2784

**ORDER DENYING TRANSFER**

**Before the Panel:**[*] Plaintiff in one action in the Southern District of Florida (*Rojas*) moves under 28 U.S.C. § 1407 to centralize this litigation in the Southern District of Florida. This litigation currently consists of three actions pending in three districts, as listed on Schedule A. This litigation arises from the allegation that defendants Uber Technologies, Inc., and its subsidiaries[1] (collectively, Uber), misclassify Uber transportation providers as independent contractors instead of employees and, thus, have not paid minimum wage, overtime wages, and work-related expenses, all in violation of the Fair Labor Standards Act.[2]

The Uber defendants and all responding plaintiffs oppose centralization. Alternatively, plaintiffs in the *Romine* and *Hood* actions on Schedule A propose the Middle District of North Carolina or the Eastern District of Tennessee as the transferee district. Objecting plaintiffs in one potential tag-along action (*Razak*) alternatively propose the Eastern District of Pennsylvania.

I.

Misclassification litigation against Uber has a history before the Panel. In February 2016, we denied a motion for centralization filed by a different group of plaintiffs seeking centralization of actions raising substantially the same misclassification allegation against Uber, but asserting the claims under state law, rather than federal law. *See In re: Uber Techs., Inc. Wage and Hour Emp't Practices Litig.*, MDL No. 2686, 158 F. Supp. 3d 1372, 1373 (J.P.M.L. 2016) (*Uber No. I*). The motion sought centralization of seven actions pending in seven districts against Uber Technologies, Inc., and one subsidiary. At that time, there were ten potentially related actions. In denying centralization, we observed that the actions involved common factual issues, but determined that

---

[*] Judge Lewis A. Kaplan took no part in the decision of this matter.

[1] The alleged subsidiaries, which are co-defendants in various actions, are: Rasier LLC, Rasier-CA, LLC, Rasier-PA, LLC, Rasier-DC, LLC, Rasier-MT, LLC, and Hinter-NM, LLC.

[2] Since the filing of the motion for centralization, the Panel has been notified of 13 related actions involving FLSA claims. Additionally, the Panel is aware of at least four pending actions alleging similar misclassification claims under state law.

voluntary coordination was preferable to centralization for a number of reasons: (1) "the standards for determining whether independent contractors are employees vary substantially from state to state and involve a broad range of factors which require consideration of distinct aspects of the alleged employer's relationship with plaintiffs"; (2) the actions "involve[d] non-overlapping certified and putative state-specific classes"; (3) there were a limited number of involved counsel, and a common defendant; and (4) one advanced action (*O'Connor*) was nearing the end of pretrial proceedings. *See id.* Since issuance of that decision, the majority of the actions that were before the Panel have been terminated, certain actions have continued to advance, and new misclassification actions asserting claims under federal and/or state law have been filed.

II.

In this second motion for centralization, the movant argues that centralization of the three actions he has selected for his motion is warranted because they are nearly identical nationwide FLSA actions on behalf of substantially the same proposed collective of Uber drivers. In opposing centralization, Uber and plaintiffs in *Hood*, *Romine*, and *Razak* principally argue that (1) the Panel's concern over centralization of state-specific issues in *Uber No. I* still is applicable because the *Hood*, *Romine*, and *Razak* actions – and many other related actions – involve pending state law claims and putative state-specific classes; (2) the actions are in procedurally disparate postures; and (3) voluntary coordination remains preferable to centralization.

On the basis of the papers filed and the hearing session held, we conclude that centralization will not serve the convenience of the parties and witnesses or further the just and efficient conduct of the litigation. First, although movant attempts to get around the obstacles to centralization noted in *Uber No. I* by seeking centralization only of nationwide FLSA misclassification claims, the inclusion of actions with significant state-specific issues would be unavoidable, as two of the three actions on the motion and nearly all potential tag-along actions assert state law claims and putative statewide or citywide classes. Movant asks that the Panel eliminate the state-specific issues by separating and remanding all state law and class certification claims from any action centralized in the MDL. But on this record, such an approach would result in the proliferation of duplicative litigation, as nearly every action centralized would require separation and remand – ironically, exacerbating the problem of duplicative litigation that centralization is intended to remedy. Moreover, centralization based on the statute invoked, as movant proposes, is inconsistent with the Section 1407 directive to centralize actions based on "one or more common questions of fact," in contrast to common questions of law.

Second, the procedural disparity among the actions further weighs against centralization. In *Rojas*, fact discovery is set to close shortly after the Panel hearing, and a trial date has been set for this fall. The other two actions on the motion have not yet commenced discovery.[3]

---

[3] The procedural postures of the potential tag-along actions further confirm the likelihood of inefficiencies from centralization. Most are at varying stages of motions practice, which involve case-specific motions to compel arbitration and motions to dismiss concerning state law. At least

Third, voluntary coordination remains practicable. There are only three actions on the motion, involving two groups of plaintiffs' firms. Those two firms represent plaintiffs in 7 of the 13 potential tag-along actions. Uber Technologies, Inc., and its wholly-owned subsidiaries are the sole defendants in these actions, and are represented by the same defense counsel in all actions. All responding plaintiffs and Uber represent that they are committed to voluntary coordination.

IT IS THEREFORE ORDERED that the motion for centralization of the actions listed on Schedule A is denied.

PANEL ON MULTIDISTRICT LITIGATION

Sarah Vance

Sarah S. Vance
Chair

Marjorie O. Rendell
Ellen Segal Huvelle
Catherine D. Perry
Charles R. Breyer
R. David Proctor

two have reached an advanced stage of discovery.

**IN RE: UBER TECHNOLOGIES, INC., WAGE AND HOUR EMPLOYMENT PRACTICES LITIGATION (No. II)** MDL No. 2784

**SCHEDULE A**

Southern District of Florida

ROJAS v. UBER TECHNOLOGIES, INC., ET AL., C.A. No. 1:16-23670

Middle District of North Carolina

HOOD v. UBER TECHNOLOGIES, INC., ET AL., C.A. No. 1:16-00998

Eastern District of Tennessee

ROMINE v. UBER TECHNOLOGIES, INC., ET AL., C.A. No. 3:16-00371